Ruffin, Chief Justice,
 

 after stating the case as above, proceeded : — There,is no equity upon the face of the bill against Hill & Nalle. If an agreement to stay the executions on the judgment, to which the plaintiff was a party, could have the effect of discharging him after he was fixed with the debt; there is, yet, no such agreement charged, nor any thing from which it could be inferred. There is no particular time given to the debtors, no nego-ciation, no stipulation for delay set forth; but a mere memorandum by the plaintiff’s attorney to the clerk not to issue the execution of his own accord, nor until it should be ordered. Besides, there was, in fact, no delay, for the plaintiffs did sue out execution from the very first term.
 

 Then as to the application of the money as between the two executions of Hill & Nalle; the .question is one merely at law, where the present plaintiff could get all the relief he was entitled to, by a motion upon the return of the executions. Indeed he did, in a few days after the filing of this bill, get in that way the benefit he seeks here; for the case at law between these same parties came to this Court, 3 Dev. Rep. 265, and was decided in favour of the present plaintiff, to the full extent of his rights. That case J r
 
 °
 
 is, however, mentioned, not for-the purpose of showing
 
 *176
 
 that the plaintiff has availed himself of his remedy, but that he had another available and more obvious remedy.
 

 It seems
 
 that an attorney cannot set off his own debt, instead of receiving money upon claims put into his hands for collection, so as to bind his client.
 

 The directions of the principal debtors as to the applica-cation of the money raised from the sales of their property are perfectly ineffectual. The duties and powers of the sheriff in that respect were beyond the control'of the plaintiff in the process, after delivering both, and much more beyond that of the defendants therein. The law applies the money raised on an execution.
 

 The case against the other defendants is equally weak. If an attorney could set-off his own debts, instead of receiving money, and thereby bind his client, although he failed to pay him — for which proposition we know of no authority or reason — the agreement for such a set-off, much more a settlement upon that basis, is' pointedly denied by Mr. Scott’s answer, as is also the receipt of any payment whatever from Clancy & Co. on the judgments enjoined; and there is no proof to the contrary on either point. It is hardly necessary to remark, that the objection to the method of entering these judgments is subject to the same observations. If the objection were valid in law, or were open to the complainant, the existence of the facts on which it rests, is denied and not proved.
 

 The bill must therefore be dismissed; and with costs to each of the defendants, except Thomas Clancy & Co.
 

 Per Curiam. Bill dismissed.